### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | |
|---|---|
| DELOIS TEASLEY, : | |
| : | |
| Claimant, : | |
| : | |
| v.  : | CASE NO. 3:08-CV-55-CDL-GMF |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.     Whether the ALJ erred by finding that Claimant is not disabled pursuant to Listings 12.05B or 12.05C.**

**II.    Whether the ALJ erred by failing to fully develop the record.**

**Administrative Proceedings**

Claimant filed for disability benefits on or about June 20, 2002. (T-17). Claimant's application was denied initially and on reconsideration. (T-62-64, 74-76). Claimant then filed a request for a hearing before an administrative law judge, which was held on August 31, 2006. (T-77, 25-52). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated September 21, 2006. (T-17-24). Thereafter, the Appeals Council denied Claimant's requested review of the ALJ's findings, making the ALJ's decision the final decision of the Commissioner. (T-6-9).

**Statement of Facts and Evidence**

Claimant alleges a disability beginning November 1, 2000, due to asthma, shortness of breath, chest pain and back pain. (T-17; R-12, p. 1). After examining the medical records, the ALJ determined that Claimant suffers from asthma, chronic bronchitis, degenerative disc disease of the cervical spine, obesity, and borderline intellectual functioning, impairments which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (T-19). After a thorough review of the record, the ALJ found that Claimant has the residual functional capacity (RFC) to:

> lift/carry 25 pounds frequently and 50 pounds occasionally; sit, with normal breaks, for six to eight hours in an eight hour period, perform fine and gross manipulations and push and pull functions unlimitedly; occasionally reach overhead; and avoid concentrated exposure to fumes, odors, dusts, gases, etc., and extremes of temperature. Mentally, the claimant can maintain sufficient attention and concentration to remember, understand

and carry out simple instructions.

(T-21). Accordingly, the ALJ made a finding of not disabled.

## DISCUSSION

**I.   Whether the ALJ erred by finding that Claimant is not disabled pursuant to Listings 12.05B or 12.05C.**

Claimant argues that the ALJ erred by finding Claimant not disabled pursuant to either Listing 12.05B or 12.05C. (R-12, p. 8). As stated above, as part of the sequential analysis, the Commissioner must determine whether the claimant's severe impairment(s) meets or equals a Listing. The Eleventh Circuit has held that:

> To "meet" a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. *See* 20 C.F.R. § 404.1525(a)-(d). To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." *See* 20 C.F.R. § 404.1526(a). If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment.

*Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). The claimant bears the burden of proving that an impairment meets or equals a Listing. *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). If the claimant contends that she has an impairment that medically equals a Listing, "the claimant must present medical evidence which describes how the impairment has such an equivalency." *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986).

Listing 12.05 is entitled "Mental Retardation."   "Mental retardation refers to

5

significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period . . . before age twenty-two." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Section 12.05. A claimant meets Listing 12.05B when she demonstrates "a valid verbal, performance, or scale IQ of 59 or less." *Id.* at § 12.05B. A claimant satisfies Listing 12.05C by showing "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id*. at § 12.05C. "Significant" means an additional impairment that is more than slight or minimal, but it need not be "severe." *Edwards by Edwards v. Heckler*, 755 F.2d 1513, 1515 (11th Cir. 1985). Under Listing 12.05D, the claimant must show:

> A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Section 12.05D.

A consultative psychological exam by Dr. Payne revealed that Claimant possessed the following IQ scores as measured by the WAIS-III test: Verbal IQ of 59, Performance IQ of 64, and Full Scale IQ of 58. (R-12, p. 10). Dr. Payne also conducted a mental status examination, collateral interview, WRAT-3, and Trail-Making Test, meeting with Claimant for three hours. (T-226). The ALJ notes, "The claimant attained IQ scores that, by

themselves, would place her in the mildly retarded range of intellectual functioning. However, Dr. Payne noted that the claimant's level of adaptive functioning more accurately places her in the borderline range (Exhibit 4F/4)." (T-19). After a thorough discussion of all four areas of functional limitations in Listing 12.05D, the ALJ found that Claimant had no more than mild limitations in the area of activities of daily living and social functioning, and moderate limitations in maintaining concentration, persistence and pace. (T-20). The ALJ further found that Claimant showed no episodes of decompensation. (T-21). In support of his opinion, the ALJ notes that Claimant has grown children, has been married for 25 years, and engages in various routine daily chores. *Id*. Additionally, the ALJ questions Claimant's credibility regarding her limitations. (T-22-23). Ultimately, the ALJ properly concludes that Claimant's impairments do not meet or medically equal Listing 12.05.

The Claimant first contends that the ALJ erred in finding that she was not disabled pursuant to Listing 12.05B. (R-12, p. 9). Claimant further contends that the ALJ erred by not finding that she met the Listing for Mental Retardation where she satisfied both prongs of the 12.05C requirement. (R-12, p. 11). Specifically, Claimant argues that Dr. Payne should have identified adjusted IQ scores taking into account her adaptive functioning. *Id*. Claimant further argues that her adjusted IQ scores, in combination with her significantly limiting impairments of asthma, chronic bronchitis, and degenerative disc disease, should have qualified as a disability pursuant to Listing 12.05C. (R-12, pp. 11-12).

The Eleventh Circuit has held that the ALJ is not required to accept a claimant's I.Q. scores and may reject scores that are inconsistent with the record. Test results of this sort

7

should be examined "in conjunction with other medical evidence and the claimant's daily activities and behavior." *Popp v. Heckler*, 779 F.2d 1497, 1500 (11th Cir. 1986). Furthermore, a valid IQ score is not conclusive of mental retardation if the score is not consistent with other evidence of record. *Lowery v. Sullivan,* 979 F.2d 835, 837 (11th Cir. 1992). Therefore, it was proper for the ALJ to examine the record in assessing the reliability of Claimant's scores.

Dr. Payne conducted extensive testing of Claimant and his conclusions are internally consistent as well as consistent with the record as a whole. In his report, Dr. Payne notes, "[Claimant] currently only has mildly retarded intellectual functioning, but shows adaptive functioning that would be more consistent with borderline adaptive behavior. Consequently, she does not meet the criteria for mild mental retardation and shows no other pattern of symptoms that would reflect a mental disorder." (T-229-30). Substantial evidence supports the ALJ's finding that Claimant failed to show that her impairments met or medically equaled Listing 12.05, and the alleged inconsistencies identified by Claimant do not rise to the level of disturbing the reasonableness of this finding.

The Eleventh Circuit has held that, "While Appendix 1 must be considered in making a disability determination, it is not required that the Secretary mechanically recite the evidence leading to her determination. There may be an implied finding that claimant does not meet a listing." *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986). Accordingly, while the ALJ discussed the factors in Listing 12.05D, substantial evidence, specifically that based on Dr. Payne's report, also supports the finding that Claimant did not

satisfy the conditions in Listings 12.05B and 12.05C.

Claimant further argues that Dr. Payne's failure to identify an adjusted IQ score made the ALJ's evaluation of 12.05C an impossibility. However, in addition to an IQ score, in order to qualify as disabled pursuant to Listing 12.05C, Claimant would also have to show a physical or other mental impairment imposing an additional and significant work-related limitation of function. The ALJ's opinion indicates he made no such finding. Regarding Claimant's credibility and functional limitations, the ALJ states: "The claimant's daily activities are not credibly restricted to the extent that she would be precluded from the range of work assessed herein." (T-23). Therefore, any error is harmless because the ALJ would have found no significant additional impairments necessary to satisfy the second prong of Listing 12.05C, and the resulting determination of no disability would remain unchanged.

Claimant's attempt to distinguish *Outlaw v. Barnhart*, 197 Fed. Appx. 825 (11th Cir. 2006) and *Humphries v. Barnhart*, 183 Fed. Appx. 887 (11th Cir. 2006), shows at most that adaptive functioning is assessed on a case by case basis. Because, as discussed above, the ALJ's assessment of Claimant's adaptive functioning is supported by substantial evidence, and because of the familiar tenet that this Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, Claimant's distinction fails.

The ALJ applied the proper legal standards, and substantial evidence supports his findings. Accordingly, no error is found.

**II.     Whether the ALJ erred by failing to fully develop the record.**

Claimant argues the ALJ erred by failing to order other expert opinions from either

9

treating or examining sources regarding Claimant's alleged mental retardation. (R-12, p. 13). Claimant contends that the report from Dr. Payne was internally inconsistent and forced the ALJ to describe on his own the discrepancy between Claimant's adaptive functioning and test scores. (R-12, pp. 13-14).

It is true that because a hearing before an ALJ is not an adversary proceeding, an ALJ has a basic duty to develop a full and fair record. When a claimant is not represented by counsel and has not waived the right to counsel, the ALJ has a special duty to ensure that favorable as well as unfavorable facts and circumstances are elicited for review. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981); *see also Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982); *McConnell v. Schweiker*, 655 F.2d 604, 606 n.2 (5th Cir. 1981). In the instant action, the record demonstrates that Claimant was represented by counsel. Thus, the ALJ's duty was not a special duty.

Even in the case of a special duty, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). Moreover, the initial burden of establishing disability is on the claimant, not the Commissioner. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). If Claimant believed that medical evidence was missing from the record, then the burden was upon her to bring forth this evidence.

The ALJ must only order consultative exams and tests when they are required in order to make an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 (11th Cir. 1984).

However, an ALJ is not required to order additional consultative examinations if he does not find them necessary to make an informed decision.

Here, the ALJ did not err by failing to obtain additional evidence regarding Claimant's mental limitations. As discussed above in Section I, the ALJ properly relied on Dr. Payne's opinion regarding Claimant's adaptive functioning. The ALJ's decision is supported by substantial evidence, and the ALJ applied the proper legal standards. Claimant has simply failed to carry her burden of establishing disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 4th day of March, 2009.

           S/ G. MALLON FAIRCLOTH
           UNITED STATES MAGISTRATE JUDGE

lml